UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIENGKEO KEOPHOMMASANE

22 CV 05406

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

ROBIN CARNAHAN, ADMINISTRATOR,

GENERAL SERVICES ADMINISTRATION,

**COMPLAINT**

Do you want a jury trial?
☑ Yes   ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?
Title VII of the Civil Rights Act of 1964

42 U.S.C. § 2000(e)

the Age Discrimination in Employment Act of 1967

29 U.S.C. § 21-34

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
           (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                   (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| VIENGKEO | NMN | KEOPHOMMASANE |
|---|---|---|
| First Name | Middle Initial | Last Name |

**206 LINCOLN PLACE, APT #10**
Street Address

| BROOKLYN | NEW YORK | 11217 |
|---|---|---|
| County, City | State | Zip Code |

| 214-697-4726 | VIENGKEO@USA.NET |
|---|---|
| Telephone Number | Email Address (if available) |

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

| ROBIN | CARNAHAN |
|---|---|
| First Name | Last Name |

ADMINISTRATOR
Current Job Title (or other identifying information)

1800 F STREET NW
Current Work Address (or other address where defendant may be served)

| WASHINGTON | D.C. | 20405 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| | |
|---|---|
| First Name | Last Name |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| | |
|---|---|
| First Name | Last Name |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 4:

First Name            Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City            State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ONE WORLD TRADE CENTER, NEW YORK, NY 10007

Date(s) of occurrence: JANUARY 22, 2021

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

I believed that I was discriminated against based on retaliation when on January 22, 2021

I was not selected for the position of Asset Manager, GS-13, as advertised under

vacancy announcement number 21PBSB131MMMP. Even though I believed that I was

qualified, I was interviewed on February 17, 2021. I stated that I believed that I did not
received the position because of discrimination based on prior EEO activity. I stated that

I previously interviewed for the same position three times, so I was not interviewed an

additional time. David Wells, the hiring official, interviewed me three times. However,
Mr. Wells did not interview me an additional time because I filed an EEO complaint

against him. Maura Murphy was responsible for this job announcement and she

disqualified me. She was aware of my prior EEO activity because she was involved
via discovery process and working with the attorneys. Darren Gomez, Region 2 Deputy

Administrator of the General Service Administration, was aware of both of my EEO

complaints, because he was named in the complaints. Mr. Gomez has enough power to

Page 5

influence who would receive the position. Further, Mr. Gomez has the final decision of

all personnel actions in the PBS region.

### INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

After being retaliated by GSA and not having the opportunity to interview for the postion,

I have been suffering from bouts of depression, anger, and high level of stress. I have

utilized the resources offered by the Employee Assistance Program (EAP) to take

advantage of the free counseling. After the five (5) free session under EAP, I have

continued to see a psychiatrist, which is provided under my health insurance program.

### IV. RELIEF

State briefly what money damages or other relief you want the court to order.

To be provide an equivalent GS-13 financial position

Backpay differential between GS-12 and GS-13 from time of candidate selection to the

time of final settlement in the future

Compensation for Pain and Suffering in the amount of $300,000

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 6/27/2022 | | *Viengkeo Keophommasane* (signature) |
|---|---|---|
| Dated | | Plaintiff's Signature |
| VIENGKEO | NMN | KEOPHOMMASANE |
| First Name | Middle Initial | Last Name |
| 206 LINCOLN PLACE, APT #10 | | |
| Street Address | | |
| BROOKLYN | NEW YORK | 11217 |
| County, City | State | Zip Code |
| 214-697-4726 | | VIENGKEO@USA.NET |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☒ Yes   ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT
33 Whitehall Street, New York, NY 10004-2112
Office: 929-506-5270 / Fax: 212-336-3625

| | |
|---|---|
| Viengkeo Keophommasane,<br>  Complainant,<br><br>v.<br><br>Emily W. Murphy, Administrator,<br>General Services Administration,<br>  Agency. | EEOC No. 520-2021-00514X<br>Agency No. GSA-21-R2-P-0037<br><br><br><br>Date: March 7, 2022 |

## DECISION AND ORDER DISMISSING COMPLAINT AFTER NOTICE OF INTENT TO ISSUE A DECISION WITHOUT A HEARING

The U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") received a request for a hearing from Viengkeo Keophommasane ("Complainant") in the above-captioned matter pursuant to Title VII of the Civil Rights Act of 1968, 42 U.S.C. § 2000e ("Title VII"), which prohibits employment discrimination based on, among others protected classes, reprisal for prior EEO activity. All prerequisites for an EEOC hearing have been satisfied, pursuant to EEOC regulations at 29 C.F.R. § 1614.101, et seq., which govern the administrative processing of federal sector employment discrimination complaints. After a review of the investigative file ("Report of Investigation" or "ROI") and discussion with the parties during the Initial Conference on February 9, 2022, I determined that the material facts of this case did not appear to be in dispute, and that it may therefore be appropriate to issue a decision without a hearing. *See* 29 C.F.R. § 1614.109 (g) (3).

To assist me in making this determination, on February 11, 2022, I issued a Notice of Intent to Issue a Decision Without a Hearing (Notice of Intent). I ordered the parties to file a response to the Notice of Intent within 15 calendar days. Complainant and the Agency both timely filed

1

Responses. After further review of the ROI, the parties' Responses to the Notice of Intent, and controlling case law, I have determined that it is appropriate to issue a decision without holding a hearing. For the reasons set forth below, the complaint will be **DISMISSED**.

### I.   Claim to Be Decided

Whether Complainant was subjected to retaliation (prior EEO activity) when on January 22, 2021, Complainant was not referred for the position of Asset Manager, GS-1101-13, advertised under vacancy announcement number 21PBSB131MMMP. ROI at 45; Ex. 3.

### II.  Statement of Facts not in Material Dispute

I reviewed the Statement of Facts presented by the Agency in its Response to the Notice of Intent to Issue a Decision Without a Hearing ("Notice of Intent"), as well as the sources in the ROI and Exhibits. I find that the statement is indeed accurate. Accordingly, I incorporate by reference the Statement of Facts as if fully set forth herein.

### III. Legal Standard

#### a. Summary Judgment

Federal EEO complaints are governed by regulations 29 C.F.R. §1614.109(g)(1) and (2), which provide for the issuance of summary judgment, otherwise known as a decision without a hearing. The Commission's summary judgment standard is modeled after Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides that a court may grant summary judgment where there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). There is no genuine issue of material fact if, based on the relevant evidence in the record taken as a whole, a reasonable fact finder could not find in favor of the opposing party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Material factual disputes include credibility disputes where two or more people

have different versions of the relevant event, and the determination of that credibility dispute will affect the outcome of the case. Mere allegations, denials, legal arguments, or a showing that there is some metaphysical doubt as to the material facts will not be enough to oppose summary judgment. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

In determining whether there are no disputed material facts, the Administrative Judge ("AJ") must draw all inferences from the record in the light most favorable to the party opposing summary judgment. *Anderson*, 477 U.S. at 248. Only disputes over facts that might affect the outcome of the case under the applicable substantive law, and not irrelevant and unnecessary factual disputes, will preclude summary judgment. *Id.* Conclusory statements or allegations without specific detailed facts to establish discrimination cannot defeat a motion for summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson*, 477 U.S. at 250 (summary judgment may be granted where the evidence is not significantly probative). The party opposing summary judgment must identify the disputed facts in the record with specificity or demonstrate that there is a dispute by producing affidavits or records that tend to disprove the facts asserted by the moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

### b. Reprisal/Retaliation

To prove that the Agency retaliated against Complainant, he must show the following to establish a prima face case: (1) he engaged in a protected EEO activity; (2) supervisors or management were aware of Complainant's protected EEO activity; (3) supervisors or management enforced an adverse employment action against Complainant following his engagement in the protected activity; and (4) a causal connection between the adverse employment action and the statutorily protected EEO activity can be inferred. *Michale V. v. Dept. of the Interior*, EEOC Appeal No. 0120143043 at 3 (Apr. 20, 2018).

If Complainant can meet the burden of production and persuasion by establishing a prima facie case of retaliation, the burden of production shifts to the Agency to articulate a legitimate, nondiscriminatory reason for its actions. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Regardless of the articulated reason proffered by the Agency, Complainant may ultimately prevail if he can prove, by a preponderance of the evidence, that the Agency's explanation was not its true reason, but was pretext for discrimination and/or retaliation. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000) (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507-08 (1993); *see also Burdine*, 450 U.S. at 256. Raising mere allegations is insufficient to prove pretext. *See Anderson*, 477 U.S. at 248; *Campbell v. Department of the Navy*, EEOC Appeal No. 01A23100 (July 18, 2003).

## IV. Analysis and Decision

Although Complainant asserts that he was subjected to an adverse employment action when he was not referred for the position of Asset Manager, GS-1101-13, advertised under vacancy announcement number 21PBSB131MMMP, he fails to allege facts that establish a prima facie case of retaliation. *See* ROI at 45; Ex. 3.

The first three elements of the prima facie case are present in the record. First, there is no dispute that Complainant previously engaged in protected EEO activity. In addition, Maura Murphy, a Human Resources Specialist, confirmed this fact. ROI at 114. Complainant later applied for the Asset Manager through usajobs.gov on January 4, 2021. ROI at 58, 60. Second, Ms. Murphy was aware of Complainant's prior EEO activity since and processed the vacancy announcement at issue. ROI at 114-115. Third, Complainant suffered an adverse employment action after engaging in protected EEO activity because he was not referred for the Asset Manager position. ROI at 96, 116.

Although Complainant can meet the first three elements of the prima facie case, he cannot prove the fourth element. To qualify for the position, the posting stated that an applicant must have "1 year of specialized experience equivalent to the GS-12 level in the Federal Service". ROI at 61, 115. Complainant had this experience and acknowledged this requirement. However, Complainant screened himself out of consideration when responding to question 2: "Please check the statement that applies to you, relating to time-in-grade requirements for the GS-13 level. Answers: None of the above apply to me (You will not be considered for this position at this grade)." ROI at 116. Complainant indicated "None of the above apply to me". This response deemed him automatically ineligible for the Asset Manager position by the www.usajobs.com system. This prevented Ms. Murphy from reviewing his qualifications or eligibility. *Id.*

Complainant was not the only applicant to screen themselves out of consideration. This same result occurred for seven other candidates who rated themselves ineligible. ROI at 117. Ms. Murphy testified that she did not consider Complainant's prior EEO activity in a manner that would impact her processing of this particular vacancy announcement. ROI at 119. Also, no management officials were involved in not referring Complainant or directing Ms. Murphy to disqualify Complainant. ROI at 115, 118.

Complainant's response to the Notice of Intent alleges that his application was altered or modified. Complainant's Response ("CR") at 2. The record and exhibits are devoid of any evidence to suggest that his application was altered or modified. Complainant's conclusory statement is unsupported by specific evidence in the record or submitted with his Response showing that another Agency employee modified or altered his application. *See Oxley v. Dep't of the Army*, EEOC Appeal No. 0120102652, at *3 (September 28, 2010). Likewise, the record is

5

devoid of any inference that Complainant's prior EEO activity was considered at any point during the vacancy announcement decision-making process.

When examining the record in the light most favorable to the party opposing summary judgment, there is no causal connection between the non-referral and statutorily protected EEO activity because Complainant's own response caused him to be ineligible. *See Anderson*, 477 U.S. at 248; ROI at 116. While it is truly unfortunate that Complainant's incorrect entry resulted in his not being referred for the position, mere allegations of reprisal without any evidence to support it do not defeat summary judgment. *See Oxley*, EEOC Appeal No. 0120102652, at *3 (holding that a non-moving party "cannot avoid summary judgment by resting on bare assertions, general denials, conclusory allegations, or mere suspicion").

## V. Conclusion

Complainant's uncorroborated assertions and subjective characterizations of the facts do not create a genuine issue of material fact sufficient to defeat a motion for summary judgment. *Potocki v. Comm'r, Soc. Sec. Admin.*, EEOC Appeal No. 0120073901 (April 23, 2010). Based on the above analysis and application of case law to the facts of the instant complaint, summary judgment is entered in favor of the Agency and the complaint is **DISMISSED**. Notice to the parties explaining their appeal rights is below.

It is so **ORDERED**.

For the Commission:

_____
Karen M. Ortiz
Administrative Judge

6

## NOTICE TO THE PARTIES

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109(b), 109(g) or 109(i). **With the exception detailed below, Complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying Complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. **Agencies are advised to refer to the April 6, 2020, memo issued by Carlton Hadden to the Federal Sector EEO Directors and officials at** https://www.eeoc.gov/processing-information-all-parties-federal-eeo-processing-under-29-cfr-part-1614 **for information and directives regarding the tolling of timeframes during the pandemic. EEOC will not sanction an agency that holds off on taking final actions pursuant to the directives of the memo.** Complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. Complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of Complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has <u>not</u> issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, Complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. Complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

You may file an appeal with the Commission's Office of Federal Operations **when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision**. 29 C.F.R. § 1614.110(a). You will have **thirty (30) days** to file an appeal from the time you receive the agency's final order. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

**Do not send your appeal to the Administrative Judge**. Your appeal must be filed with the Office of Federal Operations at the address set forth below. If you do <u>not</u> use the EEOC Public Portal to file your appeal, you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations, and you must certify the date and method by which you sent a copy of your appeal to the agency.

## HOW TO FILE AN APPEAL

**RECOMMENDED METHOD** – The EEOC highly recommends that you file your appeal online using the EEOC Public Portal at https://publicportal.eeoc.gov/, **and clicking on the "Filing with the EEOC" link.** If you have not already registered in the Public Portal, you will be asked to register by entering your contact information and confirming your email address. Once you are registered you can request an appeal, upload relevant documents (e.g., a statement or brief in support of your appeal), and manage your personal and representative information. During the adjudication of your appeal, you can also use the Public Portal to view and download the appellate record. **If you use the Public Portal to file your appeal you do not have to send a copy to the agency.**

BY MAIL – You may mail your written appeal to:

    Director, Office of Federal Operations

    Equal Employment Opportunity Commission

    P.O. Box 77960

    Washington, D.C. 20013-8960

BY HAND DELIVERY OR COURIER – You can also hand-deliver or send your appeal by courier service to:

    Director, Office of Federal Operations

    Equal Employment Opportunity Commission

    131 M St., NE

    Washington, D.C. 20507

BY FAX – Finally, you may send it by facsimile to (202) 663-7022.

    If you elect to mail, deliver, or fax your appeal you should use EEOC Form 573, Notice of Appeal/Petition, and should indicate what you are appealing. Additionally, you must serve the agency with a copy of your appeal, and include a statement certifying the date and method by which service to the agency was made.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. *See* 29 C.F.R. § 1614.504. If Complainant believes that the Agency has failed to comply with the terms of its final action, Complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If Complainant is not satisfied with the Agency's attempt to resolve the matter, he or she may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. Complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after Complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the Commission's attached <u>DECISION AND ORDER</u> was sent March 7, 2022, to the following:

For the COMPLAINANT:

Viengkeo Keophommasane
viengkeo@usa.net

Colin Correa
colin.correa@gsa.gov

For the AGENCY:

Nicole Ludwig
nicole.ludwig@gsa.gov


_____
**Hon. Karen M. Ortiz**
*Administrative Judge*
**Equal Employment Opportunity Commission**
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Tel.: 929-506-5296
Fax: 212-336-3621
K.ORTIZ-EFILEBOX@EEOC.GOV
Pronouns I use: she, her, hers

10